```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 08-80442-CIV-ZLOCH
```

UNITED STATES OF AMERICA,
*ex rel*, GENE KLUSMEIER and
JACQUELINE KLUSMEIER,

    Plaintiffs,

vs.                                              **O R D E R**

BELL CONSTRUCTORS, INC.,

    Defendant.
_____/

THIS MATTER is before the Court upon Defendant's Motion To Dismiss OR, In The Alternative, To Strike The First Amended Complaint (DE Nos. 60 & 63), Defendant's Motion For Hearing (DE 62) and Plaintiffs' Request For Leave To Amend (DE 69), which the Court construes as a Motion For Leave To Amend.  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

This action was originally filed in the District Court in Washington D.C. and was later transferred to the Southern District of Florida.  Defendant was the contractor for two large projects for the Comprehensive Everglades Restoration Plan (hereinafter "CERP").  It subcontracted parts of the project to Nu-Way Lawn, a company owned and operated by the Plaintiffs.  In the 400-paragraph, 22-count Amended Complaint, Plaintiffs claim that while they worked on the CERP sub-contracts they witnessed Defendant defraud the Federal and Florida Governments by failing to perform to the contracts' specifications, all in violation of the Federal False Claims Act, 31

U.S.C. §§ 3729, *et seq.* (hereinafter "FCA") and the Florida False Claims Act, Fla. St. §§ 68.081, *et seq*. Defendants move to dismiss the Amended Complaint and argue that despite the length of the Complaint, Plaintiffs have failed to plead with the specificity required by Rule 9(b) the elements for a claim under the FCA. The Court agrees and, for the reasons addressed below, will dismiss the Amended Complaint, without prejudice, and with leave for Plaintiffs to file a Second Amended Complaint.

On a motion to dismiss for failure to state a claim, the Court accepts as true the facts as alleged in the complaint. *Corsello v. Lincare*, 428 F.3d 1008, 1014 (11th Cir. 2005). To state a claim under the FCA, three elements must be pled: "(1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false." *United States, ex rel. Walker v. R&F Prop. of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005); *see also* 31 U.S.C. § 3729(a). The Eleventh Circuit has held that the heightened pleading requirements of Rule 9(b) apply to FCA claims. *Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1309-10 (11th Cir. 2002). This means that Plaintiffs must, at the very least, plead "the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.* at 1310. With this, a complaint must contain "some indicia of reliability . . . to support the allegation of an actual false claim for payment being made to the Government." *Id.* at 1311.

Plaintiffs have made many allegations concerning Defendant's failure to perform under the contracts it had for the CERP projects. The Plaintiffs' Amended complaint vacillates between the specific and the generally vague. The allegations in Counts 1, 2, and 6 of the Amended Complaint give great detail concerning how Defendant failed to fulfill the precise requirements of its contract to perform under CERP. Many of the allegations in the other Counts, however, are vague and would be stricken under even the liberal pleading standards of Rule 8. *See generally* Counts 13-18; Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level."). But even the details in Counts 1, 2, and 6 do not give Defendant any indication of when, by whom, and for how much a fraudulent claim was presented to the Government. The Amended Complaint is completely devoid of specifics concerning any of the requisite facts that must attach to a complaint under the FCA. And it closely resembles the complaint at issue in *Corsello*, where the Eleventh Circuit remarked: "In short, Corsello provided the "who," "what," "where," "when," and "how" of improper practices, but he failed to allege the "who," "what," "where," "when," and "how" of fraudulent submissions to the government." *Corsello*, 428 F.3d at 1014.

Therefore, the Court will grant Defendant's instant Motion and dismiss the Amended Complaint. The Court will, however, grant Plaintiffs leave to amend the complaint. Sufficient allegations can

3

cure many of the deficiencies identified by the instant Motion. And the Court counsels Plaintiffs that they will not be permitted a third amended complaint. Further, in filing their Second Amended Complaint the Plaintiffs are to omit any and all prejudicial and useless editorializing in their allegations.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion To Dismiss OR, In The Alternative, To Strike The First Amended Complaint (DE Nos. 60 & 63) be and the same are hereby **GRANTED**;

2. Plaintiffs' Amended Complaint (DE 45) is **DISMISSED**, without prejudice and with leave to re-file;

3. Plaintiffs' Request For Leave To Amend (DE 69), which the Court construes as a Motion For Leave To Amend be and the same is hereby **GRANTED**;

4. By noon, Thursday, April 23, 2009, Plaintiffs shall file with the Clerk of this Court a Second Amended Complaint; and

5. Defendant's Motion For Hearing (DE 62) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    6th    day of April, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

4